## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DAVONTE PRINCE, | : | Case No. 1:25-cv-567 |
| | : | |
| Plaintiff, | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| STATE OF OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Warren Correctional Institution, filed this *pro se* civil rights lawsuit against Defendants State of Ohio and Annette Chambers-Smith. (Complaint, Doc. 4).   By separate Order, Plaintiff was granted leave to proceed *in forma pauperis.* This matter is before the Court for an initial screen of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### A.  Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain

from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included the following provision in the statute:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *see also* § 1915A(b).  Thus, the Court must *sua sponte* dismiss this lawsuit if it determines that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, Plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although a complaint need not include "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B. Allegations in the Complaint

The allegations in the Complaint are extremely sparse. Plaintiff describes his claim as follows:

>Notice claiming civil negligence for failure to maintain and convey personal medical files involving injuries . . .

(Doc. 4 at PageID 26). Plaintiff seeks punitive damages "for failure to cure back and neck including my ankle having 6 pins-rods also a dislocated shoulder" and for medical negligence, based on "not properly conferring my injuries on file by appropriate records and maintaining such notices as a caution and red flag." (*Id.* at PageID 27). Plaintiff also states that he was assaulted while having his injuries and was not provided with medical attention. (*Id.*).

## C. Analysis

The Court should dismiss all claims against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). And Plaintiff has not sued a state official to

obtain injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, the State of Ohio is immune from suit in this case and the undersigned **RECOMMENDS** that Plaintiff's claims against it be **DISMISSED WITH PREJUDICE.**

In addition, the Court should dismiss all claims against Defendant Chambers-Smith because she is not alleged to have had any involvement with the events at issue. Plaintiff refers to a failure to cure his back and neck, states that he was assaulted, and asserts "medical negligence" based on an asserted failure to maintain his medical records. (Doc. 4, PageID 27). But Plaintiff does not allege any facts to suggest that Chambers-Smith was aware of his medical condition, denied him medical care, or was involved in any act or omission that allegedly violated Plaintiff's rights. "[N]aked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also Miller v. Ohio Dep't. Rehab. & Corr.*, Case No. 1:20-cv-597, 2020 WL 5369059, at *2 (S.D. Ohio Aug. 5, 2020) ("Without any allegations of wrongdoing on the part of the named defendants the complaint is subject to dismissal.") (Report & Recommendation), *adopted*, 2020 WL 5230886 (S.D. Ohio Sept. 2, 2020). Because Plaintiff's Complaint, as it is currently pled, fails to state a claim against Defendant Chambers-Smith upon which relief can be granted, the undersigned **RECOMMENDS** that Plaintiff's claims against this Defendant be **DISMISSED WITHOUT PREJUDICE.**

Finally, the undersigned notes that if Plaintiff wishes to hold Defendants liable for negligence, he cannot do so in a federal civil rights lawsuit. Mere negligence is insufficient to state a claim of constitutional dimension in federal court under Section 1983. *See, e.g.*, *Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002) (district court properly dismissed case because the "allegations involved mere negligence that is not actionable under § 1983"). And because all parties are citizens of Ohio, this Court would lack diversity jurisdiction over a negligence action under 28 U.S.C. § 1332(a).

Accordingly, because Plaintiff has failed to state an actionable claim against the named Defendants, the undersigned **RECOMMENDS** that the Court dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS WITH PREJUDICE** all claims against Defendant State of Ohio.

2. The Court **DISMISS WITHOUT PREJUDICE** all claims against Defendant Chambers-Smith.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  October 2, 2025                         */s/ Caroline H. Gentry*
                                        Caroline H. Gentry
                                        United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).